IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENEDICT EMESOWUM, § <br> § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> TERRI LLAGOSTERA, MEADOWS § <br> SOUTHWEST APTS., OAK LEAF § <br> MANAGEMENT, GAR ASSOCIATES, LP, § <br> PITT SOUTHWEST INVESTORS, § <br> INC., HOOVER SLOVACEK LLP, and § <br> CHRISTMAS EVE MORGAN, § <br> § <br>     Defendants. § | CIVIL ACTION NO. H-13-02818 |

<u>MEMORANDUM AND ORDER</u>

Pending are Defendants Terri Llagostera's and Oak Leaf Management, Inc.'s Motion to Dismiss for Failure to State a Claim and to Comply with the Court's Order for More Definite Statement (Document No. 28), Defendant GAR Associates, LP's Motion to Dismiss for Failure to State a Claim and to Comply with the Court's Order for More Definite Statement (Document No. 33), Defendant Hoover Slovacek LLP's Motion to Dismiss for Failure to State a Claim (Document No. 35),[1] Defendants GAR Associates, LP's, Pitt Southwest Investors, Inc.'s, Oak Leaf Management's, and Terri Llagostera's Motion for Sanctions (Document No. 20), Defendants Terri Llagostera's and Oak Leaf Management, Inc.'s Motion to Show Cause,

---

[1] Defendants' earlier-filed Motion to Dismiss (Document No. 11) is denied as moot.

for Contempt of Court and Sanctions (Document No. 30), Defendants GAR Associates, LP's and Hoover Slovacek LLP's Motion to Show Cause, for Contempt of Court and Sanctions (Document No. 37), Plaintiff's Motion to Strike Defendant's Proposed Joint Discovery/ Case Management Plan and Motion to Strike Defendant's Response to Plaintiff's Amended Motion for Default Judgment and Defendant's Motion for Sanctions (Document No. 23), Plaintiff's Second Motion for Default Judgment (Document No. 27), and Plaintiff's Motion for Court to Fund Reasonable Compensation for Expert Witnesses (Document No. 42).[2] After considering the motions, responses, and applicable law, the Court concludes as follows.

## I.   Background

Plaintiff Benedict Emesowum ("Plaintiff") moved into an apartment at Defendant Meadows Southwest Apartments ("Meadows Southwest") with his girlfriend, Christmas Eve Morgan ("Morgan"), in May 2012.[3] Approximately one month later, Plaintiff and Morgan broke up, and Plaintiff alleges that Morgan "vandalized the apartment extensively," stole his property, and continued to access the apartment complex to harass Plaintiff.[4] Plaintiff alleges that

---

[2]  Plaintiff's earlier-filed Motion for Court to Fund Reasonable Compensation for Expert Witnesses (Document No. 39) is denied as moot.

[3]  Document No. 26 ¶¶ 6-11 (1st Am. Cmplt.).

[4]  Id. ¶¶ 12-16.

he informed the company managing the complex, Defendant Oak Leaf Management ("Oak Leaf"), of Morgan's behavior, and repeatedly requested that it deactivate Morgan's gate access card and move Plaintiff to a different apartment.[5]  Plaintiff alleges that these requests were repeatedly denied,[6] but that eventually, Defendant Terri Llagostera ("Llagostera"), manager of the Meadows Southwest Apartments, told another employee to disable Morgan's gate access card.[7]  Plaintiff asserts that Llagostera did not provide him any confirmation of this action.[8]  Plaintiff subsequently became aware that Morgan was living in another apartment in the complex.[9]

Plaintiff now brings suit against Llagostera, Meadows Southwest, Oak Leaf, and Morgan.[10]  Plaintiff also names as defendants GAR Associates LP ("GAR"), who "operated, managed or owned the property in question,"[11] and Hoover Slovacek LLP, the law firm representing Llagostera, Meadows Southwest, Oak Leaf, and GAR. Plaintiff alleges that Defendants discriminated against him on the

---

[5] Id. ¶¶ 16-19.

[6] Id. ¶¶ 20-21.

[7] Id. ¶ 23.

[8] Id.

[9] Id. ¶ 25.

[10] See id. ¶ 70.

[11] Id. ¶ 2.  Defendant GAR "does business as Meadows Southwest Apartments."  Document No. 15 at 2.

3

basis of his gender and national origin by refusing his requests to deactivate Morgan's gate card and transfer Plaintiff to a new apartment, and by allowing Morgan to lease another apartment in the complex.[12]   Plaintiff brings claims under 42 U.S.C. § 1983 and 1985(3) as well as under the Fair Housing Act, 42 U.S.C. §§ 3604, 3617, and 3631, and under state law for gross negligence, breach of duty, and breach of contract.[13]

Plaintiff moves to strike several documents filed by Defendant, moves for default judgment, and moves for compensation of his expert witnesses.[14]   Defendants Llagostera, Oak Leaf, GAR, and Hoover Slovacek move to dismiss for failure to state a claim, and move to require Plaintiff to show cause, for contempt of court, and for sanctions.[15]

---

[12] Document No. 26 ¶¶ 28-31.   At the February 14, 2014 Scheduling Conference, the Court granted GAR and Defendant Pitt Southwest Investors, Inc.'s ("Pitt") Motion to Dismiss Suit for Insufficient Service of Process, and dismissed Plaintiff's claims against GAR and Pitt without prejudice. *See* Document No. 24.   The Court also granted Llagostera and Oak Leaf's Motion for More Definite Statement and ordered Plaintiff to file a more definite statement of his Fair Housing Act claims.   Id.   The Court denied Plaintiff's Motion for Default Judgment.   Id.   Plaintiff subsequently filed his First Amended Complaint against GAR, Oak Leaf, Llagostera, Meadows Southwest, Hoover Slovacek, and Morgan, but "request[ed] this court to drop" Pitt as a defendant.   Id. ¶ 70.

[13] Document No. 26.

[14] Document Nos. 23, 27, and 39.

[15] Document Nos. 28, 33, and 35 (motions to dismiss); Document Nos. 30 and 37 (motions for sanctions).

## II.  Plaintiff's Motions

Plaintiff's Motion to Strike Defendant's Proposed Joint Discovery/Case Management Plan, Defendants' Response to Plaintiff's Amended Motion for Default Judgment, and Defendants' Motion for Sanctions[16] is denied.  The parties were ordered to prepare and file not less than ten days before the scheduling conference a "*joint discovery/case management plan.*"[17]  Plaintiff did not participate,[18] and then filed his own plan after the scheduling conference.[19] Accordingly, Plaintiff cannot now complain that the plan filed by Defendants was incomplete or misleading.  The Court has denied Plaintiff's Amended Motion for Default Judgment,[20] and thus Plaintiff's request to strike Defendants' response to that motion is moot.  Finally, because the Court, for the reasons discussed below, denies all three of Defendants' motions for sanctions as procedurally deficient, it is not necessary to strike Defendants' first motion for sanctions on that basis.

---

[16] Document No. 23.

[17] Document No. 2 (emphasis added).

[18] *See* Document No. 18.

[19] Document No. 38.

[20] *See* Document No. 24.

Plaintiff's Second Motion for Default Judgment is denied. This motion was filed the same day as Plaintiff's First Amended Complaint,[21] and Defendants obviously were not in default when the motion was filed.   Furthermore, Defendants Llagostera, Oak Leaf, GAR, and Hoover Slovacek have subsequently filed Motions to Dismiss.[22]   The only defendant who has not moved or answered is Morgan, and there is no evidence of record that she was ever served.   Plaintiff's Motion for Court to Fund Reasonable Compensation for Expert Witnesses is also denied.[23]

III. <u>Defendants' Motions to Dismiss for Failure to State a Claim</u>

A.   <u>Legal Standard</u>

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).   When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.   *See* <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974).   The issue is not whether the

---

[21] *See* Document Nos. 26 and 27.

[22] *See* Document Nos. 28, 33, and 35.

[23] Document No. 42.

plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

B.  Discussion

Plaintiff has not filed responses to any of Defendants' motions to dismiss, and they are therefore deemed unopposed pursuant to Local Rule 7.4.  Defendants Llagostera, Oak Leaf, GAR, and Hoover Slovacek move to dismiss all of Plaintiff's claims

against them.[24]  Hoover Slovacek also moves to dismiss Plaintiff's claims against it for violations of §§ 3617 and 3631(a) of the Fair Housing Act.[25]

1.    Section 1983

Plaintiff alleges under 42 U.S.C. § 1983 violations of § 1985 and the Fair Housing Act.  To state a claim under § 1983, Plaintiff must allege facts showing that defendant acted "under color of state law."  Richard v. Hoechst Celanese Chem. Grp., Inc., 355 F.3d 345, 352 (5th Cir. 2003).  This element of § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999)).  Plaintiff alleges no facts tending to show that any of Defendants was acting under color of state law. Accordingly, Plaintiff's § 1983 claims are dismissed.

---

[24] Document Nos. 28, 33, and 35.  At the Rule 16 conference, Plaintiff represented that all of his claims were based on violations of the FHA, and the Court granted Llagostera and Oak Leaf's Motion for More Definite Statement and ordered Plaintiff to file a more definite statement of his FHA claims in the form of a First Amended Complaint.  See Document No. 24.  Plaintiff's First Amended Complaint did restate his FHA claims, but also pled additional federal and state causes of action.

[25] Document No. 35 ¶¶ 10-12.

2.  <u>Fair Housing Act</u>

Plaintiff alleges that Defendants Llagostera, Meadows Southwest, Oak Leaf, and GAR violated 42 U.S.C. § 3604 (a) and (b), and that Defendants Meadows Southwest, Oak Leaf, and GAR violated § 3604(d). Plaintiff further alleges that Hoover Slovacek violated §§ 3617 and 3631(a).

a.  Section 3604(a)

Section 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §§ 3604(a). To state a claim for individual disparate treatment under § 3604(a), Plaintiff must allege facts supporting a *prima facie* case that (1) he is a member of a protected class, (2) he applied to rent an apartment and was qualified to do so, (3) he was rejected, and (4) the apartment remained open after he was rejected. <u>Cox v. Phase III, Investments</u>, Civ. A. No. H-12-3500, 2013 WL 3110218, at *8 (S.D. Tex. June 14, 2013) (Harmon, J.) (citing <u>Graoch Assocs. #33, LP v. Louisville/Jefferson Co. Metro</u>, 508 F.3d 366, 371 (6th Cir. 1996)).

9

Plaintiff alleges that Defendants denied his request to transfer apartments because of his sex and national origin. Plaintiff alleges that he is a man, and that Oak Leaf knew of his "foreign origin," although he does not identify any specific foreign origin.[26]  Plaintiff further alleges that he requested to transfer apartments multiple times, and that those requests were rejected.[27]  Evidently copying the statutory language, Plaintiff also alleges that Defendants represented to him that an apartment "was not available for inspection, sale, or rental to Plaintiff (after Plaintiff requested transfer to a new apartment) when such dwelling was in fact so available,"[28] but does not allege that he was qualified to rent any such available apartments, or that such apartments remained available after his requests were rejected. While Plaintiff alleges that Defendants offered Morgan a lease contract "weeks" after he notified Oak Leaf that Morgan vandalized his apartment,[29] he does not allege that the specific apartment offered to Morgan was available at the time Plaintiff requested to move apartments, or that Plaintiff was qualified to rent that particular apartment.  Accordingly, Plaintiff has not alleged sufficient facts to state a plausible claim that Defendants refused

---

[26] Document No. 26 ¶¶ 33-34.

[27] Id. ¶¶ 19-22.

[28] Id. ¶ 60.

[29] Id. ¶ 65.

his requests to transfer due to his gender or national origin in violation of § 3604(a).

      b.   Section 3604(b)

Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Plaintiff conclusorily alleges that Defendants denied his requests to transfer apartments, as well as his requests that they disable Morgan's gate-access card, due to his gender and national origin.[30] However, Plaintiff does not adequately allege that Defendants granted these same requests for any similarly situated individual. *See* Cox, 2013 WL 3110218, at * 8 (to state a *prima facie* case under § 3604(b), Plaintiff must allege facts demonstrating, *inter alia*, that defendant provided the services it denied to plaintiff to a similarly situated individual within a period relatively near the time plaintiff was denied the services). Plaintiff alleges that Morgan, who was listed as an "occupant" on Plaintiff's lease, was allowed to rent a separate apartment after she moved out of Plaintiff's apartment.[31] Her situation was markedly different from

---

[30] *See* id. ¶ 57.

[31] Id. ¶¶ 10-11, 25.

Plaintiff's--Plaintiff signed the lease as lessee on the apartment he shared with Morgan and he remained living there after their break up, and, unlike Morgan, Plaintiff requested to transfer apartments rather than to enter into a completely new lease. Furthermore, there is no allegation that Morgan, or anyone else, requested to disable another individual's gate access card. Accordingly, Plaintiff has failed to allege sufficient facts to state a plausible claim that he was discriminated against because of his race or national origin in violation of § 3604(b).

      c.   Section 3604(d)

Section 3604(d) makes it unlawful "[t]o represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C.A. § 3604(d). Plaintiff offers no more than conclusory assertions that Defendants refused his requests to transfer to a different apartment due to his sex or national origin. Accordingly, Plaintiff's claims under Section 3604(d) are dismissed.

      d.   Claims against Hoover Slovacek Under Sections 3631(a) and 3617

Plaintiff alleges that Defendant Hoover Slovacek intimidated and interfered with Plaintiff's rights in violation of Sections

12

3631(a) and 3617.  Section 3631(a) is a criminal statute for which no private right of action exists.  McZeal v. Ocwen Fin. Corp., 252 F.3d 1355, at *2 (5th Cir. 2001).  Thus, Plaintiff has not stated a claim upon which relief can be granted under this section.

Section 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."  42 U.S.C. § 3617.  Plaintiff conclusorily alleges that, "[g]iven Plaintiff's complaint regarding the violation of his rights based on the Fair Housing Act and upon his dealings with contractual issues with another apartment complex (Plaza on Westheimer), HOOVERSLOVACEK LLP acting under the color of law as a law firm, via Rusty Rasheed Foteh, proceeded to intimidate and interfere with plaintiff in violation of 42 USC 3631(a) and 3617."[32]  Plaintiff alleges no specific facts regarding when or where this alleged intimidation and interference occurred, or what statements and actions were made by Hoover Slovacek that would allegedly manifest intimidation or wrongful interference.  Accordingly, Plaintiff has failed to allege sufficient facts to state a claim under Section 3617 that is plausible on its face.  See Twombly, 122 S. Ct. at 1974.

---

[32] Id. ¶ 62.

13

3.   Section 1985(3)

Plaintiff alleges that Defendants Oak Leaf, Llagostera, and Morgan conspired to deprive Plaintiff of his rights in violation of 42 U.S.C. § 1985(3).[33]  Because Plaintiff has failed to state a cognizable claim for discrimination under the Fair Housing Act, his associated claim for conspiracy likewise fails.  *See* Petrello v. Prucka, 484 F. App'x 939, 942-43 (5th Cir. 2012).

4.   Gross negligence, breach of fiduciary duty, and breach of contract

The Court has original jurisdiction over Plaintiff's federal claims considered above, all of which are dismissed.  Plaintiff's remaining claims arise under Texas law.  Given that the case is at a relatively early stage, the Court exercises its discretion to decline supplemental jurisdiction over Plaintiff's remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989) ("Ordinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well.").  Plaintiff's remaining state law claims are therefore

---

[33] Id. ¶¶ 45-49.

14

dismissed without prejudice to Plaintiff refiling those claims in an appropriate state court.

IV.   <u>Defendants' Motions for Sanctions</u>

Defendants' motions for sanctions are included with their responses to Plaintiff's motions for default judgment,[34] and Defendants' most recently filed motions for sanctions also include motions to show cause and for contempt.[35]   Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion."   FED. R. CIV. P. 11(c)(2).   Furthermore, a motion for sanctions must "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."   <u>Id.</u>   There is no showing that Defendants complied with this requirement.[36]   Accordingly, Defendants' motions for sanctions are denied.   <i>See</i> <u>Jones v. Lynden Air Freight, Inc.</u>, Civ. A. No. H-07-

---

[34] Document Nos. 20, 30, and 37.

[35] Document Nos. 30 and 37.

[36] In fact, Defendants' first Motion for Sanctions was filed only twenty days after the Amended Motion for Default Judgment to which it is addressed.   <i>See</i> Document Nos. 17 (Plaintiff's Amended Motion for Default Judgment, filed January 10, 2014); Document No. 20 (Defendants' Response and Motion for Sanctions, filed January 30, 2014).   Defendant plainly did not follow the Rule 11 procedure with regard to this motion.

cv-4320, 2008 WL 8236515, at *5 (S.D. Tex. Dec. 24, 2008) (Ellison, J.) (dismissing motion for sanctions for failure to comply with Rule 11 where defendant "combined its request with its Response to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment" and defendant "apparently did not allow Plaintiffs twenty-one days to withdraw the offending paper or claim").

## V.  Order

For the foregoing reasons, it is

ORDERED that Defendants Terri Llagostera's and Oak Leaf Management, Inc.'s Motion to Dismiss for Failure to State a Claim and to Comply with the Court's Order for More Definite Statement (Document No. 28), Defendant GAR Associates, LP's Motion to Dismiss for Failure to State a Claim and to Comply with the Court's Order for More Definite Statement (Document No. 33), and Defendant Hoover Slovacek LLP's Motion to Dismiss for Failure to State a Claim (Document No. 35) are GRANTED with respect to Plaintiff's § 1983, § 1985, and Fair Housing Act claims, and all of Plaintiff's federal claims are dismissed with prejudice for failure to state a claim upon which relief can be granted.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice to Plaintiff refiling them in an appropriate state court.  It is further

ORDERED that Defendants GAR Associates, LP's, Pitt Southwest Investors, Inc.'s, Oak Leaf Management Company's, and Terri Llagostera's Motion for Sanctions (Document No. 20), Defendants Terri Llagostera's and Oak Leaf Management, Inc.'s Motion to Show Cause, for Contempt of Court and Sanctions (Document No. 30), and Defendants GAR Associates, LP's and Hoover Slovacek LLP's Motion to Show Cause, for Contempt of Court and Sanctions (Document No. 37) are DENIED as procedurally defective.  It is further

ORDERED that Plaintiff's Motion to Strike Defendant's Proposed Joint Discovery/Case Management Plan and Motion to Strike Defendant's Response to Plaintiff's Amended Motion for Default Judgment and Defendant's Motion for Sanctions (Document No. 23), Plaintiff's Second Motion for Default Judgment (Document No. 27), and Plaintiff's Motion for Court to Fund Reasonable Compensation for Expert Witnesses (Document No. 42) are DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 9th day of July, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE